[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUMMARY RULING ON DEFENDANT ZORAIDA OTERO'S MOTION TO OPEN AND SET ASIDE JUDGMENT
Pending before the court is the motion to open and set aside judgment filed by the defendant Zoraida Otero. This action has a return date of August 28, 2001 and was instituted by the plaintiff People's Bank to foreclose a mortgage executed by Modesto Otero and Zoraida Otero. After defaults entered against these defendants for their failure to appear, judgment of foreclosure by sale entered on November 5, 2001. The auction took place on January 26, 2002. The court approved the sale on April 17, 2002, and pursuant to this order, title to the property was transferred to the successful bidder. The debt owed to the plaintiff, as well as the fees and expenses of the sale, were paid and satisfied from the sale proceeds pursuant to a supplement judgment that entered on September 4, 2002. The instant motion to open the judgment was filed on January 14, 2003. The plaintiff and the successful bidder have objected to this motion.
The movant raises two issues which she claims implicates the court's jurisdiction to enter the judgment of foreclosure. She first claims that on November 3, 2000, prior to the institution of this lawsuit, the defendant Modesto Otero, her husband and joint owner of the property, died. She insists that Modesto Otero's heirs or estate should have been named as defendants, rather than Modesto. The court agrees with the plaintiff that the case, Dime Savings Bank v. Bonaventura, Superior Court, Docket No. CV 0123908, judicial district of Waterbury, (May 10, 1996, Kulawiz, J.), is persuasive and dispositive of this claim. Upon Modesto's death, full title to the property passed to Zoraida because they held the property as joint tenants with rights of survivorship. Consequently, Modesto was not a necessary party to the action and the irregularity regarding him being named individually as a defendant does not impair the validity of the judgment.
The movant's second argument is that the judgment is invalid because she was "mentally incompetent throughout the proceeding of this case." CT Page 2601 The movant has not offered any evidence (nor made the specific claim) that she was mentally incompetent when service was made in this case. She has alleged that there was a declaration of incompetency in October 2002, but this was almost a year after judgment entered in this case. Moreover, under Connecticut law, "even one whose thought processes are impaired to the extent of being insane has a legal capacity to sue or be sued, provided [she] has not been formally adjudicated an incompetent and placed under the guardianship of another." Ridgeway v Ridgeway,180 Conn. 533, 539 (1980).
Lastly, although the defendant appeals to the equitable discretion of the court, the court lacks the authority to open a valid judgment more than four months after the entry of the order. Moreover, in any event, the equities of this matter do not mitigate in her favor. The sale has been approved, title to the property has passed, the plaintiff's debt has been paid, and the balance of the sale proceeds are being held by the clerk for final orders of distribution. Indeed, Cynthia Vazquez, acting as the conservator for Zoraida Otero, has filled a motion for payment of the sale proceeds.
Therefore, the motion to open and set aside the judgment is hereby denied and the objections thereto are hereby granted.
So ordered this 25th day of February 2003.
Stevens, J. CT Page 2602